UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY J. GUGLIELMO, JR., ET AL.                    CIVIL ACTION

VERSUS

RED RIVER BANK, ET AL.                             NO. 21-00036-BAJ-SDJ

ORDER

Before the Court is Appellants Carey J. Guglielmo, Jr. and Ashley Jones Guglielmo's **Motion For Leave To Appeal The Order Extending Date To File Complaints To Deny Debtors' Discharges [P-68] (Doc. 2)**. Appellee Red River Bank opposes Appellants' Motion. (Doc. 6).

Appellants seek reversal of the Bankruptcy Court's Order granting Red River Bank and Citizens Bank & Trust Company's "Motion to Extend Bar Date to File Complaints to Deny the Debtors' Discharges [] [P-40]." (Doc. 2, p. 2–3). The Bankruptcy Court held a hearing on the matter on December 30, 2020, and thereafter granted the Motion, providing Appellees an extension of time to file a complaint objecting to the Debtor-Appellants' discharge. (Doc. 1-1, p. 1).

An interlocutory appeal is one that occurs "before the trial court's final ruling on the entire case." *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008) (citing BLACK'S LAW DICTIONARY 106 (8th ed.2004)). Here, Appellants seek review of an Order entered before a final ruling was entered. Clearly, an order

1

granting a motion for extension of time is entered before a court's final ruling on the entire case. *Jones*, 391 B.R. at 586. Thus, Appellant is seeking an interlocutory appeal. *Id.*

Title 28, United States Code, Section 158(a) governs the jurisdiction of the Court over an appeal from a bankruptcy court's order. *In re Cella III, LLC*, 619 B.R. 627, 633 (E.D. La. 2020). Section 158(a) provides that district courts have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. *Id.* Under § 158(a), a party may appeal an interlocutory order of the bankruptcy court only "with leave of court." *Id.* "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Id.* (citing *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001)). While Section 158(a) and the Federal Rules of Bankruptcy Procedure do not expressly identify the standard that must be applied in considering whether to grant leave to appeal interlocutory orders from a bankruptcy court, the United States Court of Appeals for the Fifth Circuit has stated that, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders." *In re Cella III, LLC*, 619 B.R. at 633 (citing *Matter of Ichinose*, 946 F.2d 1169, 1176–77 (5th Cir. 1991) (additional citations omitted)).

In accordance with § 1292(b), a district court must consider the following three elements in determining whether to permit an interlocutory appeal of a bankruptcy order: (1) whether a controlling issue of law is involved; (2) whether the question is

one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. *In re Cella III, LLC*, 619 B.R. at 633 (citing *Matter of Ichinose*, 946 F.2d at 1177). All three grounds in § 1292(b) must exist in order for the court to consider and grant an interlocutory appeal. *In re Cella III, LLC*, 619 B.R. at 633 (internal citations omitted). As with interlocutory appeals from district courts, bankruptcy interlocutory appeals are generally not favored because they disrupt the bankruptcy proceedings. *Id.* (citing *In re Cross*, 666 F.2d 873, 878 (5th Cir. Unit B 1982)). Thus, some courts will grant interlocutory appeals only in "exceptional situations." *In re Cella III, LLC*, 619 B.R. at 633 (citing *In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 408 (W.D. La. 2013)).

Here, the Court finds that granting leave to appeal the Bankruptcy Court's Order granting an extension of time would disrupt the bankruptcy proceedings. *See In re Cella III, LLC*, 619 B.R. at 633. The Court further finds that granting an immediate appeal would not materially advance the ultimate termination of the litigation, but rather, would serve to delay the proceedings, by requiring additional briefing by the parties, and additional consideration by the Court. The Court further finds that the interests of judicial economy, efficiency, and the interests of the parties in obtaining an overall conclusion of the bankruptcy proceeding, weigh in favor of allowing the Bankruptcy Court to proceed and to complete the case in its entirety. *See id.* at 635. Accordingly, the Court will exercise its discretion to deny Appellants' request for appeal.

Accordingly,

**IT IS ORDERED** that the Appellants' **Motion For Leave To Appeal The Order Extending Date To File Complaints To Deny Debtors' Discharges [P-68] (Doc. 2)** is **DENIED.**

Baton Rouge, Louisiana, this 24th day of February, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA